RECEIVED

OCT 14 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Oluwadamilola Olugbile )
)
Plaintiff(s), )
v. )
Advocate Health and Hospitals Corporations (Advocate Christ Medical Center) )
Defendant(s). )

1:26-cv-12586
Judge Sharon Johnson Coleman
Magistrate Judge Young B. Kim
RANDOM CAT 2

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is an African-American man of Nigerian origin, of the county of Cook in the state of Illinois.

3. The defendant is Advocate Health and Hospitals Corporations, whose street address is 4440 W 95th St,

(city) Oak Lawn (county) Cook (state) Illinois (ZIP) 60453

(Defendant's telephone number) (708) – 684-1870

4. The plaintiff sought employment or was employed by the defendant at (street address) 4440 W 95th St (city) Oak Lawn (county) Cook (state) Illinois (ZIP code) 60453

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☐ was hired and is still employed by the defendant.

(c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) April, (day)________, (year) 2024.

7.1 ***(Choose paragraph 7.1 or 7.2, do not complete both.)***

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☒*has* ☐*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) July (day) 22nd (year) 2026.

(ii) ☐ the Illinois Department of Human Rights, on or about (month)________ (day)________ (year)________.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_______________ (day)______ (year) _________

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)___________ (day) _________ (year) __________.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_July_________ (day)_22nd_____ (year)_2026_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [***check only those that apply***]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☒ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [***check only those that apply***]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): ____________________________________________

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Plaintiff experienced discriminatory remarks tied to her African origin, including being told "maybe where you are from people are different...People are scared off you....they are afraid to approach you." Beginning in April 2024, my manager made discriminatory remarks linking my demeanor to my African origin and calling me "intimidating." After I filed HR complaints in October 2024, I experienced immediate retaliation, including threats of termination and repeated unfounded investigations. Staff who supported my complaints were also targeted.

Management and HR repeatedly opened investigations based on vague or contradictory allegations, failed to interview witnesses I provided, and allowed non-management staff to access confidential HR information. I was placed on administrative leave without documentation and ultimately terminated on September 2, 2026, based on false and inconsistent claims. The pattern of discriminatory remarks, retaliatory investigations, targeting of supportive staff, and improper disclosure of confidential information demonstrates racial discrimination, hostile work environment, and retaliation following my protected activity.

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [***check only those that apply***]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☒ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify):

"Plaintiff requests reinstatement, back pay, front pay, compensatory damages for emotional and psychological distress and reputational harm, attorney's fees and costs, and injunctive relief requiring Defendant to review and revise its policies for handling racial discrimination, harassment, and retaliation, including allowing Plaintiff to contribute recommendations for improved investigative procedures."

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

13.

Plaintiff experienced discriminatory remarks tied to his African origin, including being told "maybe where you are from people are different ... people are scared of you...they are afraid to approach you."

Beginning in April 2024, my manager made discriminatory remarks linking my demeanor to my African origin and calling me "intimidating."

After I filed HR complaint in October 2024, I experienced immediate retaliation, including threats of termination and repeated unfounded investigations. Staff who supported my complaints were also targeted.

Management and HR repeatedly opened investigations based on vague or contradictory allegations against me, failed to interview witnesses I provided, and allowed non-management staff to access confidential HR information. I was placed on administrative leave without proper documentation and ultimately terminated on September 2, 2026, based on false and inconsistent claims.

The pattern of discriminatory remarks, retaliatory investigations, targeting supportive staff, and improper disclosure of confidential information demonstrates racial discrimination, hostile work environment, and retaliation following my protected activity.

16.

"Plaintiff requests reinstatement, back pay, front pay, compensatory damages for emotional and psychological distress and reputational harm relief. Attorney's fees and costs, and injunctive relief requiring defendants to review and revise its policies for handling racial discrimination, harassment, and retaliation, including allowing plaintiff to contribute recommendations for improved investigative procedures."

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

Oluwadamilola Olugbile
(Plaintiff's name)

10234 South Bensley Avenue
(Plaintiff's street address)

(City) Chicago (State) Illinois (ZIP) 60617

(Plaintiff's telephone number) ( 708 ) – 625-2582

Date: 10/09/2026

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# EXHIBIT A – PRO SE STATEMENT OF FACTS

## Racial Discrimination, Hostile Work Environment, and Retaliation by Advocate Health

## Overview

My name is **Oluwadamilola "Dami" Olugbile**. I worked at Advocate Health for six years, most recently as the Assistant Clinical Manager on the 9 West Unit. I bring this action for **racial discrimination, hostile work environment, harassment, retaliation, and retaliation by proxy** carried out by Manager **Hazel Boncodin**, former Director **Esther Talusan**, and other agents of Advocate Health.

The **EEOC issued my Right to Sue on July 22, 2026**, and I am filing within the statutory period. I was placed on administrative leave on **August 26, 2026**, and terminated on **September 2, 2026**.

## I. Background

After submitting multiple protected complaints regarding racial discrimination, managerial misconduct, and hostile work environment concerns, I experienced a sustained pattern of retaliation. Retaliatory actions were carried out directly by Manager Hazel Boncodin and Director Esther Talusan, and indirectly through RN **Belgin Hughes**, whose conduct escalated into adverse employment consequences, including administrative leave and termination.

Staff members who supported or were associated with my protected activity were also targeted, constituting **retaliation by proxy**.

## II. Initial Complaints and Early Retaliation

### April 2024 – Discriminatory Remarks by Manager Hazel Boncodin

Hazel made comments tying my demeanor to my African origin, including:

- “Team members say they are scared of you… they find you intimidating.”
- “You need to smile more. Maybe where you are from people are different, but here people are friendly.”

These remarks constituted racial and national origin discrimination.

**October 7, 2024 – HR Complaint (Case 425773) / EEOC Charge 440-2025-00196**

I filed a formal complaint regarding racial discrimination, bullying, intimidation, and hostile work environment.

**October 9, 2024 – Threat of Termination**

Two days later, Hazel confronted me, closed my office door, and stated:

- “I don’t know if I can work with you… I might have to let you go.”

**October 10, 2024 – Second HR Complaint (Case 427498)**

I filed another complaint documenting continued discrimination and retaliation.

**November 14, 2024 – HR Case Stalled**

HR Representative **Jennifer Mangone** stated the investigation was confidential and limited to those with a “legitimate business need to know.” The case stalled and was abruptly closed.

**January 22, 2025 – Meeting with Interim CNO Susan Massat**

I was told the issues were "miscommunication." When I asked whether racial discrimination and bullying reported by multiple staff members were also "miscommunication," no answer was provided.

**III. Retaliation by Proxy Against Staff**

Following my protected complaints, staff referenced in my reports began experiencing targeted behavior:

- **Deborah Bailey (RN)** – Repeated write-ups and bullying by RN Belgin Hughes.
- "Multiple Black staff members—including **Tauri Welch, Randi Smith, and Veronica McCline**—were subjected to repeated bullying, harassment, and targeted treatment, reflecting a broader pattern of discriminatory conduct within the unit."
- **Lynn Evans and Jackie Poe** – Targeted by Belgin without legitimate cause.

Belgin is not part of management and should not have had access to confidential HR investigations, suggesting improper disclosure by Hazel and Esther.

**August 2025 – Clinical Emergency Involving LVAD Patient**

During a medical emergency, I recommended transferring a new LVAD patient to the surgical unit due to a compromised driveline. My recommendation was ignored. The patient's condition deteriorated rapidly, and he died approximately one hour later. This incident reflected serious patient-safety concerns.

**September 28, 2025 – HR Complaint (Case 634775)**

I reported retaliation and hostile work environment. Staff informed me they were encouraged to make accusations against me. No investigation occurred; the case was closed without inquiry.

**November 21, 2025 – Prolonged Delay in Care for Lethargic LVAD Patient**

I raised concerns about an unsafe care practice involving a somnolent LVAD patient showing clear signs of clinical deterioration—vomiting, diarrhea, increasing confusion, and a fluctuating level of consciousness—who was left awaiting diagnostic testing for over six hours without timely clinical assessment. I contacted transport immediately at the start of my shift to expedite care.

**November 26, 2025 – HR Complaint (Case 688079) / EEOC Charge 440-2026-01686**

I was placed on administrative leave over an allegation that I touched or turned the ID card of a transport staff member. Witnesses present were never contacted. This investigation was a **pretext** to punish me for my protected racial discrimination complaints and other safety concerns I raised.

**December 4, 2025 – Corrective Action / Grievance (Case 694132)**

I was issued a corrective action over make-up claim that I touched the team member ID card in addition to falsified claims of prior verbal warnings from 2022 and 2024. Hazel and Esther were not in management during those years. I filed grievances and requested that HR Representative Jennifer Mangone be reassigned due to conflict concerns.

**December 9–12, 2025 – Return to Work**

Hazel stated I could not return to work unless I signed the corrective action. HR intervened, and I was allowed to return.

**December 15, 2025**

Hazel summoned me to her office to discuss investigations, suspension, and grievances, questioning my schedule and why I worked the previous night.

**IV. EEOC Filing and Continued Retaliation**

**January 24, 2026 – EEOC Charge Filed (440-2026-03528)**

I filed an EEOC charge for discrimination and retaliation.

**February 18, 2026 – Stroke-Like Symptoms / ICU Incident**

I transferred an LVAD patient to the ICU after **two stroke codes** were called within 24 hours. The patient appeared somnolent with worsening neurological symptoms.

Upon arrival, **six ICU nurses refused to attend to the patient** and became physically aggressive toward me during the handoff. Despite repeated stroke codes and clear signs of deterioration, the patient continued to decline and ultimately had his LVAD device turned off after months of unsafe and inconsistent clinical management.

**February 2026 – Retaliatory Allegation Following Coaching**

After I reported attendance issues for two staff members, Hazel placed me under investigation for an allegation of "seeking sexual favors," which I denied. One staff member received corrective action; the other who made up the allegation did not.

**July 22, 2026 – EEOC Right to Sue Issued**

**V. Administrative Leave and Termination**

**August 26, 2026 – Administrative Leave Without Documentation**

I was placed on leave over an allegation of "hugging a team member" and making a comment at the nursing station. HR Representative Mangone stated the incident occurred "sometime around May or June." No date, time, or context was provided. No written administrative leave letter was issued.

**September 2, 2026 – Termination**

I received a separation letter stating termination was due to "inappropriate action as a team leader/assistant clinical manager."

**September 3, 2026 – Contradictory HR Communication**

Jennifer emailed stating she "never mentioned any hallway incident" and asked whether I wanted to "share the hallway incident," contradicting her prior statements.

**September–October 2026 – Personnel File Requests**

I requested my personnel file on September 18 and again on October 5. On October 2, Advocate Health sent a **Confidential Agreement** which I declined to sign.

**VI. Managerial Interference and Staff Dissatisfaction**

Between August 17–21, 2026, staff reported concerns about Hazel's unilateral changes to PCIA assignments, citing favoritism, inconsistency, and perceived targeting. Multiple emails were exchanged regarding these issues.

**VII. Unauthorized Disclosure and Mass Email by RN Belgin**

On August 22, 2026, Belgin sent a mass email to upper management, current staff, and former staff referencing prior investigations and complaints—information she should not have had

access to. She introduced a new allegation involving a "hug." This violated confidentiality protocols and indicated improper sharing of investigative information by management.

**VIII. Pattern: Hazel's Modus Operandi**

A consistent pattern emerged in which staff members who were coached for serious performance issues subsequently produced allegations against me, often with Hazel's involvement. Hazel routinely leveraged underperforming staff to generate complaints following coaching or corrective discussions. This pattern aligns with retaliation and demonstrates a coordinated effort to undermine my role and credibility.

**IX. Summary of Retaliatory Conduct**

The following actions collectively demonstrate retaliation and retaliation by proxy:

- Targeting staff associated with my protected complaints
- Unauthorized disclosure of confidential HR investigations
- Escalation of unfounded allegations immediately after staff coaching
- Inconsistent and contradictory HR handling
- Placement on administrative leave without clear allegation details
- Termination based on manufactured allegations
- Documented concerns regarding HR Representative Jennifer Mangone
- Managerial interference undermining my supervisory authority
- Coordinated conduct between Hazel Boncodin, Esther Talusan, and Director Grace Hamoay

- A separation letter containing materially false statements that harmed my professional reputation

**X. Request for Legal Review**

I respectfully request legal review of:

1. The timeline of events and pattern of retaliatory conduct
2. The involvement of non-management personnel in confidential investigations
3. The procedural legitimacy of the allegations leading to administrative leave and termination
4. The continued involvement of HR Representative Jennifer Mangone despite conflict concerns
5. The recurring pattern of allegations arising only after staff coaching
6. The relationship between Director Grace Hamoay and Manager Hazel Boncodin
7. The materially false and injurious statements contained in my separation documentation

I am prepared to provide all emails, documentation, witness names, and supporting evidence referenced herein.

**Oluwadamilola "Dami" Olugbile**

Chicago, Illinois

708-625-2582

dami_gentlesoul@yahoo.com

EEOC No. 440-2026-03528 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC<br>Illinois Department Of Human Rights | 440-2026-03528 |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Mr. Oluwadamilola M. Olugbile

Phone No.: 708-625-2582

Year of Birth: 1981

Mailing Address: 10234 South Bensley Avenue
CHICAGO, IL 60617

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Advocate Christ hospital

No. Employees, Members: 201 - 500 Employees

Phone No.:

Mailing Address: 4440 W 95th street
OAK LAWN, IL 60453, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Color, National Origin, Race, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 09/01/2024

Latest: 02/01/2025

THE PARTICULARS ARE:

I began my employment with Respondent in or around 2000. My current position is Assistant Clinical Manager. During my employment, I was subjected to harassment. I complained to Respondent. Subsequently, I was subjected to discipline.

I believe I have been discriminated against because of my race, Black, my color, dark, and my national origin, Nigerian, and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

EEOC No. 440-2026-03528 | FEPA No.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mr. Oluwadamilola M. Olugbile
07/22/2026

Charging Party Signature & Date

---

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary

Printed Name KEISHA N POUGH

NOTARY PUBLIC STATE OF ILLINOIS
KEISHA N POUGH
OFFICIAL SEAL
Notary Public - State of Illinois
Commission No. 1012199
My Commission Expires June 17, 2029

# CP Enclosure with EEOC Form 5 (06/24)

## Privacy Act Statement

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).
2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## Notice of Non-Retaliation Requirements

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/30/2026

**To:** Mr. Oluwadamilola M. Olugbile
10234 South Bensley Avenue
CHICAGO, IL 60617

Charge No: 440-2026-03528

EEOC Representative and email: FATIMA SANDOVAL
INVESTIGATOR
FATIMA.SANDOVAL@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2026-03528.

On behalf of the Commission,

Digitally Signed By:AMRITH AAKRE
07/30/2026

AMRITH AAKRE
DISTRICT DIRECTOR

**Cc:**
Advocate Christ Hospital
4440 W 95th street
OAK LAWN, IL 60453

Laura Liss Esq.
Advocate Aurora Health
3075 Highland Parkway, Suite 600
Downers Grove, IL 60515

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2026-03528 to the District Director at AMRITH AAKRE, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2026-03528 to the District Director at AMRITH AAKRE, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.